IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| LINCOLN PLACE CAPITAL LLC, | GENERAL JURISDICTION |
| Plaintiff | |
| v. | |
| THE CINCINNATI INSURANCE COMPANY, | CASE NO.: 3:25-cv-1607 |
| Defendant. | |
| _____/ | |

# COMPLAINT

COMES NOW, LINCOLN PLACE CAPITAL LLC, (hereinafter "Plaintiff") by and through the undersigned counsel, and hereby file this Complaint against THE CINCINNATI INSURANCE COMPANY ("Defendant") and in support thereof allege the following:

## PARTIES

1. Plaintiff is a Limited Liability Company registered in the state of Illinois and principally located at 5905-6115 N Illinois St, Fairview Heights, IL 62208. Plaintiff is the owner of the real property or properties located at 5905-6115 N Illinois St, Fairview Heights, IL 62208 in St. Clair County.

2. Defendant is a foreign corporation registered and licensed to sell insurance in the State of Illinois. Defendant's principal address is 6200 South Gilmore Road, Fairfield, OH 45014-5141 and its registered agent for service of process in Illinois is Marcy Sabage, 320 West Washington, Springfield, Illinois 62767

## JURISDICTION & VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and involves a contractual dispute arising under an insurance policy issued in Illinois.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 139(b) because a substantial part of the events or omissions giving rise to the claims occurred in the judicial district, and/or the Defendant resides or is subject to personal jurisdiction in this district.

## BASIC PREMISE

5. This is a breach of contract case which arises from a property insurance policy contract entered into by Plaintiff and Defendant. Plaintiff is an insured under the subject insurance policy. Said underlying insurance policy contract contains property insurance coverage for wind. Despite Plaintiff's demand to Defendant to pay Plaintiff their full benefits consistent with the damages to their property, Defendant has refused Plaintiff's request and demand.

## FACTUAL BACKGROUND

6. This lawsuit arises out of the following transactions, acts, omissions, and/or events.

7. In consideration for the premium paid by Plaintiff to Defendant, Defendant provided property insurance coverage to Plaintiff for the property or properties (hereafter referred to as the "Properties") listed under the insurance policy bearing number ENP0670301 (hereafter referred to as the "Policy"). Please see attached hereto as Exhibit A the Policy. Plaintiff reserves the right to supplement this Complaint by attaching a full copy of the policy.

8. The Policy purchased by Plaintiff covers direct physical loss of or damage to scheduled Buildings, Business Income and Extra Expense.

9. All payments on the policy were current, and the Policy was in full force and effect between the dates of 11-11-2022 through 11-11-2025, and during the subject date of loss.

10. On or about 03-14-2025 during the policy period, the Plaintiff's insured property at 5917 N Illinois St, Fairview Heights, IL 62208 sustained severe wind damage. These perils are covered under the policy.

11. Upon discovery of the damages, and in accordance with the terms of the Policy, Plaintiff promptly reported the claim.

12. Defendant assigned claim number 4468575 to the loss, and assigned John Stowe to investigate and adjust the claim.

13. Defendant scheduled and inspected the property on 05-09-2025, where Plaintiff allowed Defendant's field adjuster access to the property.

14. Plaintiff and/or their representatives did not prevent or obstruct the Defendant's field adjuster from inspecting and documenting the damages at the property.

15. Plaintiff complied with any and all of Defendant's requests for information, and provided Defendant with all information necessary for them to render a coverage decision in favor of Plaintiff.

16. Following the initial inspection, Plaintiff followed up with Defendant for updates and offers of assistance.

17. Despite there being visible and documented damage from a covered peril, the Defendant has breached the Policy by failing to pay Plaintiff their full benefits due and owing under the Policy.

18. Plaintiff provided an estimate for damages totaling $215,450.83. See attached as Exhibit B – Plaintiff's Estimate of Damages.

19. Defendant let Plaintiff's Notice of Intent to Sue letter expire without curing their breach.

20. To date Defendant has failed to: 1) conduct a reasonable investigation into the cause of loss; 2) issue timely payment for the undisputed damages; 3) issue payment for all lines of coverage owed under the policy; and 4) failed to confirm or deny the claim within a reasonable amount of time.

21. Plaintiff has attempted to obtain full and complete payment for the covered damages pursuant to the insurance policy.

22. Defendant, acting through its agents, servants, representatives, and employees has failed to properly investigate, evaluate, and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

23. Defendant has failed to pay for all covered damages on a timely basis as required by the insurance contract and as required by the Illinois Insurance Code. Instead, Defendant has denied coverage for the damage when coverage for those damages under the policy was reasonably clear.

24. Plaintiff has cooperated with every request made by Defendant and has displayed, at reasonable times, all their relevant records, documents, buildings and contents that are the subject of this loss.

25. Defendant has persisted in delay or denial to pay the full amounts due to Plaintiff even though a person of ordinary prudence and care would have done otherwise.

26. No reasonable basis exists for Defendant to delay and/or refuse to provide covered benefits due and owing under the insurance policy in question.

27. No reasonable basis exists for Defendant to delay and/or refuse to pay covered benefits due and owing under the insurance policy in question.

28. Defendant has misrepresented to Plaintiff that the damage to the property was not due to the covered peril from the storms of 03-14-2025, even though the damages were caused by the covered peril.

29. Defendant failed to settle the claim in a fair manner, although Defendant was aware of liability to Plaintiff under the Policy, in violation of Illinois Insurance Code.

30. Defendant refused and/or failed to properly evaluate the covered damage to Plaintiff's Properties, forcing Plaintiff to hire their own experts and incur additional expenses.

31. Defendant refused to fully compensate Plaintiff, under the terms of the Policy because the Defendant failed to conduct a reasonable investigation, in violation of the Illinois Insurance Code.

32. Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Properties. Defendant's conduct constitutes violations of the Illinois Insurance Code.

33. Defendant failed to meet its obligations under the Illinois Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of claims longer than allowed and to date Plaintiff has not yet received full payment for the claim. Defendant is in violation of Illinois Insurance Code.

34. From and after the time Plaintiff's claim was presented to Defendant, its liability to pay the full claims in accordance with the terms of the Policy was reasonably clear. However,

Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

35. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the undersigned attorney who represents Plaintiff in this cause of action.

36. Plaintiff's experience is not an isolated case. The acts and omissions committed by Defendant, in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant, with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholder.

37. Plaintiff has complied with all post-loss obligations under the Policy and the Defendant was not prejudiced in its investigation.

38. Plaintiff satisfied all conditions precedent required before filing the instant action.

39. Defendant's delay in paying the amounts due and owing to Plaintiff subjects Defendant to payment for accrued interest, attorney fees, and any other relief provided for by law.

## COUNT I– BREACH OF CONTRACT

40. Plaintiff hereby re-alleges the allegations contained in paragraph 1 through 43 as set forth above, and incorporates the same herein by reference.

41. This is a cause of action for damages by Plaintiff against Defendant for Breach of the subject insurance contract.

42. Plaintiff and Defendant executed a valid and enforceable written insurance contract providing insurance coverage to the insured locations at:

      a. 5917 N Illinois St, Fairview Heights, IL 62208

43. The insurance contract provided coverage for the perils of wind among other perils. Defendant has a complete copy of the Policy in its possession.

44. All damages and loss to Plaintiff's property were the direct result of a peril for which Plaintiff's insured pursuant to the Policy herein, wind.

45. Defendant sold the Policy insuring the Property in its "as is" condition.

46. Plaintiff suffered a loss with respect to the property at issue and additional expenses as a result of the wind damage.

47. Plaintiff submitted a claim to Defendant pursuant to the contract of insurance for damages as a result of the wind damage.

48. Plaintiff provided Defendant with proper notice of damage to the Property.

49. Defendant by and through its agents failed to properly evaluate the damage resulting from the covered cause of loss, wind.

50. Defendant by and through its agents failed to retain the appropriate experts and/or consultants to evaluate the wind damage to the subject property.

51. As of this date, Defendant has failed to pay for the wind damages to Plaintiff.

52. Plaintiff has attempted to obtain full and complete payment for covered losses pursuant to Defendant's Policy.

53. Defendant, acting through its agents, servants, representatives, and employees, has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

54.     Defendant has failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees, or consultants.

55.     As a direct result of Defendant's breach of the Policy, Plaintiff was required to hire the undersigned attorney and has become obligated to pay attorneys' fees and costs in connection with the prosecution of this action.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an award against Defendant for compensatory damages, pre-judgment interest, attorneys' fees, and costs, and all other and further relief this Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF ILLINOIS STATUTES CHAPTER 215.
## INSURANCE § 5/154.6 & § 5/155

56.     Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 57 as set forth above and incorporates the same herein by reference.

57.     This is a cause of action for damages by Plaintiff against Defendant for committing acts in violation of Illinois Insurance Code Chapter 215. Insurance § 5/154.6 & § 5/155.

58.     Defendant is an entity that is required to comply with both Illinois Insurance Code Chapter 215. Insurance § 5/154.6 & § 5/155.

59.     Illinois Insurance Code Chapter 215. Insurance § 5/155 prohibits insurers from engaging in the vexatious or unreasonable delay in payment or denial of claims.

60.     Illinois Insurance Code Chapter 215. Insurance § 5/154.6 outlines prohibited methods of competition and unfair or deceptive acts or practices in the business of insurance**.**

This includes making misrepresentations about policies, failing to act in good faith, and refusing to reasonably investigate claims. Defendant has violated these statutory requirements.

61. Defendant's conduct constitutes multiple violations of both Illinois Insurance Code Chapter 215. Insurance § 5/154.6 & § 5/155, including but not limited to:

   a. Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue;

   b. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

   c. Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies;

   d. Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

   e. Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

   f. Engaging in activity which results in a disproportionate number of meritorious complaints against the insurer received by the Insurance Department;

   g. Engaging in activity which results in a disproportionate number of lawsuits to be filed against the insurer or its insureds by claimants;

   h. Refusing to pay claims without conducting a reasonable investigation based on all available information;

   i. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

j. Attempting to settle a claim for less than the amount to which a reasonable person would believe the claimant was entitled, by reference to written or printed advertising material accompanying or made part of an application or establishing unreasonable caps or limits on paint or materials when estimating vehicle repairs;

k. Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

l. Making a claims payment to a policyholder or beneficiary omitting the coverage under which each payment is being made;

m. Delaying the investigation or payment of claims by requiring an insured, a claimant, or the physicians of either to submit a preliminary claim report and then requiring subsequent submission of formal proof of loss forms, resulting in the duplication of verification;

n. Failing in the case of the denial of a claim or the offer of a compromise settlement to promptly provide a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial or compromise settlement;

o. Failing to provide forms necessary to present claims within 15 working days of a request with such explanations as are necessary to use them effectively;

p. Engaging in any other acts which are in substance equivalent to any of the foregoing.

62. Defendant's unfair claims practice, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

63. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action

as prohibited by Illinois Insurance Code Chapter 215. Insurance § 5/154.6 & § 5/155, taking advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received.

64. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, took longer than the amount of time statutorily allowed, as described above, and is a violation of Illinois Insurance Code Chapter 215. Insurance § 5/154.6 & § 5/155. Such conduct constitutes a non-payment of the claim.

65. As a direct result of Defendant's unfair claims practices, Plaintiff was required to hire the undersigned attorney and has become obligated to pay attorneys' fees and costs in connection with the prosecution of this action.

66. Defendant's failure to comply with the prompt payment provisions of Illinois law has caused Plaintiff additional economic harm, necessitating this legal action.

**WHEREFORE**, Plaintiff demands judgment against Defendant for actual damages suffered as a result of Defendant's violations of Illinois Insurance Code Chapter 215. Insurance § 5/154.6 & § 5/155; an amount not to exceed any one of the following amounts: (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs; (b) $60,000; or (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which Defendant offered to pay in settlement of the claim prior to the action; reasonable attorney's fees and court costs; pre- and post-judgment interest at the maximum rate allowed by law; and any other relief this Court deems just and proper.

## KNOWLEDGE AND INTENT

67. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for those issues that are so triable against Defendant pursuant to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

1. Defendant breached the contract, entitling Plaintiff to recover the benefit of their bargain. The Court further finds that Plaintiffs are entitled to actual damages, including the loss of benefits that should have been paid under the policy, as well as attorney's fees pursuant to applicable state law.

2. Defendant violated Illinois Insurance Code [SECTION #], entitling Plaintiff to actual damages, which include the loss of benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs, attorney's fees, pre- and post-judgement interest.

3. Awarding such other relief as this Court deems just and proper.

Respectfully submitted,

**NATIONAL INSURANCE ADVOCATES, LLP**
*/s/ Anthony Pastor, Esq*

Bar No.: 1049696

*Attorneys for Plaintiff*
6330 Manor Lane
Suite 200
Miami, Fl 33143
Primary Email: intake@nia.law
Secondary Email: anthony@nia.law
PH: (833) 701-4110

# EXHIBIT A