IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS DIVISION

LINCOLN PLACE CAPITAL, LLC

      Plaintiff,                              Civil Action No. 3:25-cv-01607-GCS

v.

THE CINCINNATI INSURANCE
COMPANY,

      Defendant.

_____

## PLAINTIFF'S MOTION TO COMPEL
## DEPOSITIONS AND DISCOVERY REQUEST

COMES NOW Plaintiff, LINCOLN PLACE CAPITAL, LLC ("Plaintiff"), by and through its undersigned counsel, National Insurance Advocates, PLLC, and pursuant to the Federal Court Rules of Civil Cases, respectfully moves this Court for an Order compelling Defendant, THE CINCINNATI INSURANCE COMPANY ("Defendant"), to compel Defendant to cooperate in the scheduling of depositions and provide discovery answers. In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION AND BACKGROUND

This is an insurance coverage and bad faith action arising from Defendant's denial of Plaintiff's claim for wind to the its property located at 5905-6115 N Illinois St, Fairview Heights, IL 62208. Plaintiff filed its Complaint on or about August 19, 2025. The case is pending before the Honorable Magistrate Judge Gilbert C. Sison in the United States District Court in and for the Southern District of Illinois, Southern Division.

Plaintiff has made good faith efforts to schedule depositions of Jason Webster and corporate representative. Specifically, Plaintiff has made the following good faith attempts:

1.      On or about February 27, 2026, Plaintiff made its first request via e-mail Defendant requesting Depositions. See e-mail attached as Exhibit A.

2.      On or about April 1, 2026, Plaintiff made its second request via e-mail Defendant requesting Depositions. See e-mail attached as Exhibit B.

3.      On or about April 3, 2026, Plaintiff made its third request via e-mail Defendant requesting Depositions. See e-mail attached as Exhibit C .

4.      On or about April 29, 2026, Plaintiff sent a good faith letter via e-mail Defendant requesting Depositions. See letter and e-mail showing letter sent attached as Exhibit D.

5.      To date, Defendant has not provide any information about the availability of the corporate representative and Jason Webster.

Plaintiff has made good faith efforts to obtain its written responses to the discovery it propounded upon the Defendant on or about January 12, 2026. Specifically, Plaintiff has made the following good faith efforts to obtain written responses to its discovery as follows:

1.      On or about Jun 16, 2026, Plaintiff e-mailed the Defendant to obtain written discovery responses to its Request for Admission and Interrogatories.

2.      To date, Defendant has only provided its Answers to Plaintiff's Requests for Admissions. However, despite our request that the Defendant provide us a date that

we can expect to receive the answers to our interrogatories and requests for production, we have not received a meaningful response.

## II. GROUNDS FOR MOTION

Under the Federal Rules of Civil Procedure, parties are entitled to broad discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Fed. R. Civ. P. 26(b)(1)*. When a party fails to cooperate in discovery or fails to make required disclosures, the discovering party may move for an order compelling such discovery. *Fed. R. Civ. P. 37(a)(1)*. A motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. *Id*.

### A. Defendant's Failure to Schedule Depositions

Federal Rule of Civil Procedure 30(a)(1) provides that a party may, by oral questions, depose any person, including a party, without leave of court. Furthermore, when a party names a corporation or other entity as the deponent, the named organization must designate one or more officers, directors, or managing agents to testify on its behalf. *Fed. R. Civ. P. 30(b)(6)*. If a deponent fails to answer a question under Rule 30, or if a corporation fails to make a designation under Rule 30(b)(6), the discovering party may move for an order compelling the deposition. *Fed. R. Civ. P. 37(a)(3)(B)(i)-(ii)*.

In this case, Plaintiff has diligently attempted, on multiple occasions, to schedule the depositions of Defendant's expert and corporate representatives. Plaintiff sent multiple good faith requests via email and formal letter to Defendant, requesting dates for

these depositions. Despite these repeated good faith efforts to confer, Defendant has continually failed to provide the availability of the requested individuals or designate a corporate representative as required by Rule 30(b)(6).

Plaintiff is entitled to depose, at minimum, the individuals whose identities have been disclosed during discovery or have otherwise been identified as possessing relevant knowledge as to the issues raised in the pleadings in this matter. Defendant's continued refusal to cooperate in scheduling these depositions frustrates the discovery process and prejudices Plaintiff's ability to prepare for trial. Therefore, an order compelling Defendant to provide dates for these depositions is warranted under Rule 37(a)(3)(B).

## B. Defendant's Failure to Comply with Discovery Requests

Under Federal Rule of Civil Procedure 33(b)(2), a responding party must serve its answers and any objections to interrogatories within 30 days after being served. Similarly, under Rule 34(b)(2)(A), a party must respond in writing to a request for production of documents within 30 days after being served. If a party fails to answer an interrogatory submitted under Rule 33, or fails to produce documents requested under Rule 34, the discovering party may move for an order compelling an answer or production. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Furthermore, an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4).

Here, Plaintiff propounded written discovery requests, including Requests for Production and Interrogatories, upon Defendant on Jun 16, 2026. Defendant failed to provide written discovery within the required timeframe. Following Defendant's failure,

Plaintiff sent a good faith letter to Defendant attempting to obtain the written discovery responses without court intervention, advising that Plaintiff would seek relief from the Court if the responses were not provided.

Although Defendant provided answers to Plaintiff's Request for Admission on Jun 16, 2026, and requested an extension for the Request for Production and Interrogatories which expired on Jun 16, 2026, Defendant has completely failed to provide the requested answers and documents. Despite Plaintiff's repeated requests and good faith efforts to resolve this discovery dispute extrajudicially, Defendant has not produced the required discovery. Defendant's failure to respond to the propounded interrogatories and requests for production is a direct violation of Rules 33 and 34, necessitating an order to compel under Rule 37(a)(3)(B).

### C. Award of Reasonable Expenses

Federal Rule of Civil Procedure 37(a)(5)(A) mandates that if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Because Defendant's failure to schedule depositions and respond to written discovery requests was without substantial justification, and Plaintiff made good faith efforts to obtain the discovery without court action, Plaintiff is entitled to an award of reasonable expenses and attorney's fees incurred in bringing this Motion.

### III. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff LINCOLN PLACE CAPITAL, LLC respectfully requests that this Court enter an Order:

1.   Compelling Defendant to provide available dates for the depositions of Jason Webster and corporate representative, within fourteen (14) days of the Court's Order;

2.  Compelling Defendant to provide answers to our discovery request within fourteen (14) days of the Court's Order;

3.   Awarding Plaintiff its reasonable expenses, including attorney's fees and/or costs, incurred in bringing this Motion pursuant to Federal Rule of Civile Procedure 37(a)(5)(A) and any applicable local rule; and

4.   Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Erik Barnard. Esq*
Erik Barnard #110327
National Insurance
Advocates
6619 S Dixie Hwy., #363
Miami, FL 33143
Telephone: 833-701-4110
Email: service@nia.law
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Motion to Compel Depositions was served by electronic mail on this 29 day of June, 2026, upon:

Scott Wing
LEAHY, EISENBERG & FRAENKEL, LTD.
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel: (312) 368-4554
Fax: (312) 368-4562
E-mail: sw@lefltd.com

*Attorney for Defendant*

Respectfully submitted,

*/s/ Erik Barnard. Esq*